United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUBBARAO V. DOIJODE,

Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY,

Defendant.
______________________________________/

No. C 05-04552 MJJ

**ORDER DENYING MOTION TO REMAND**

Pending before the Court is Plaintiff Subbarao Doijode's Motion to Remand (Doc. #5). Defendant Sears, Roebuck and Company has filed an Opposition (Doc. #13), and Plaintiff has filed a Reply (Doc. #18). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I. Background

On October 4, 2005, Plaintiff filed a Complaint against Defendant in state court, alleging that during his employment as a part-time sales associate for Defendant, he was intentionally discriminated against on the basis of his national origin, age, and ethnicity. (Doc. #1, ex. A.) Plaintiff further alleges that Defendant ultimately terminated his employment without following proper procedures for disciplinary action. (*Id.*)

On November 4, 2005, Defendant filed a General Denial and Affirmative Defenses in state court. (*Id.*, ex. C.) Four days later, on November 8, 2005, Defendant filed a Notice of Removal, citing both federal question and diversity jurisdiction as bases for removal. (Doc. #1.) Plaintiff now moves to remand the case to state court on the grounds that Defendant's Notice was untimely and because

Defendant waived the right to removal by filing a General Denial in state court.

II. Legal Standard - Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. The district court has subject matter jurisdiction over a case if there is diversity of citizenship between the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction)*; Ethridge v. Habor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).[1] As the party seeking to remove the action, the defendant bears the burden of establishing that subject matter jurisdiction exists. *Ethridge*, 861 F.2d at 1393. Because the Court strictly construes the removal statute against removal, if there is any doubt as to the existence of federal jurisdiction, the Court should remand the matter to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The procedure for removal is set forth in 28 U.S.C. § 1446. This section provides that a defendant seeking to remove a civil action to federal court must file a notice identifying the basis for removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of removal based on procedural defects and move to remand a case to state court within 30 days after the filing of the notice of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).[2]

III. Discussion

As an initial matter, the Court must assess whether a proper basis for federal jurisdiction exists in this matter. Defendant contends that federal question jurisdiction exists because Plaintiff has asserted discrimination claims arising under Title VII in his Complaint. Alternatively, Defendant argues that the

---

[1]Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state.

[2]Untimely removal is a procedural, rather than a jurisdictional, defect. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992).

requirements for diversity jurisdiction are satisfied because Plaintiff and Defendant are citizens of different states and Plaintiff seeks more than $75,000 in damages. In his Motion, Plaintiff concedes that his Complaint asserts both state and federal claims for employment discrimination. Accordingly, because Plaintiff is asserting claims founded upon federal law, federal question jurisdiction exists under 28 U.S.C. § 1331. The Court therefore turns to Plaintiff's challenge regarding the timeliness of Defendant's notice of removal.

As indicated above, § 1446(b) provides that in cases based on federal question jurisdiction, a defendant must file a notice of removal within 30 days after the defendant receives "through service or otherwise, [] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court addressed the issue of when the 30-day removal period begins to run. As the Court explained:

> An individual or entity named as a defendant in not obligated to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, [] a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service of otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Id.* at 347-48.

Here, Plaintiff contends that the 30-day period for Defendant to remove this lawsuit began to run on October 4, 2005, when Plaintiff alleges he served Defendant with a summons and Complaint. (Mot. at 2.) Because Defendant filed its Notice of Removal on November 9, 2005, Plaintiff claims that it is untimely, making remand appropriate.

In opposition, Defendant contends that, contrary to Plaintiff's assertion, Plaintiff never effected proper service of process under California law, so the 30-day removal period was never triggered. According to Defendant, on October 4, 2005, Plaintiff mailed the summons and Complaint to the Sears store in Antioch, California, and to Defendant's corporate office in Illinois. As Defendant correctly points out, California Code of Civil Procedure § 416.10 provides that a summons may be served on a corporation by delivering a copy of the summons and complaint to the corporation's designated agent

United States District Court
For the Northern District of California

for service of process, to the president or other head of the corporation, or to a person authorized to receive process for the corporation. Cal. Civ. Proc. Code § 416.10(a), (b). Defendant states that CT Corporation System is its designated agent for service of process in California. (Doc. #12 ("Declaration of Erica Hermatz") at ¶ 2.) It is undisputed that Plaintiff did not serve CT Corporation System with process. Moreover, because Defendant's Antioch store is not Defendant's authorized agent or a person authorized to accept service for the corporation, Plaintiff's attempted service on the Antioch store was ineffective.

With respect to Plaintiff's attempted service by mail on Defendant's corporate office in Illinois, Defendant argues that because California's Code of Civil Procedure § 415.20 provides that service of a summons by on a person outside of California "is deemed complete on the 10th day after such mailing," Plaintiff's attempted service could not have been completed until October 18, 2005. Accordingly, because the deadline for removal did not expire until November 18, 2005, Defendant contends that its November 9, 2005 Notice was timely. The Court agrees with Defendants.

Further, Defendant argues that Plaintiff's attempted service on the corporate office in Illinois was ineffective because the notice and acknowledgment form did not state that a summons and complaint were received, as required by California Code of Civil Procedure § 415.30(b). Instead, Plaintiff mailed a "Notice and Acknowledgment of Receipt - Family Law" form that stated a "Petition (form FL-100), Summons (form FL-110), and blank Response (form FL-120)" were enclosed. Additionally, Defendant argues that when service is done by mail in California, service is not deemed complete until the form is executed. *See* Cal. Gov't Code § 415.30(c). Defendant contends that, because it never executed the Notice and Acknowledgment form that Plaintiff mailed, service was never effectuated. The Court agrees with Defendant that these facts render Plaintiff's service ineffective.

Based on the foregoing, the Court finds that because Plaintiff did not effectuate proper service of the summons and Complaint on Defendant on October 4, 2005, the 30-day period for removal did not commence on that date. Accordingly, the Court rejects Plaintiff's argument that Defendant's Notice of Removal filed on November 9, 2005 was untimely.

Alternatively, Plaintiff contends that Defendant waived its right to remove the action when it filed a General Denial in state court prior to filing its Notice of Removal. Generally, "[a] state court

defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." Charles A. Wright, *et al.*, 14B Federal Practice & Procedure § 3721 (2003); *see Cantrell v. Great Rep. Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) (recognizing that defendant may lose or waive the right to remove a case to federal court by actively participating in state court action). However, waiver will not occur when the defendant's action in the state proceeding was not substantial or was dictated by the rules of the state court. *Id.*; *see, e.g., Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986); *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, (11th Cir. 2004) (state-court defendant's filing of motion to dismiss in compliance with state court rule did not constitute litigating on merits and therefore did not waive right to remove); *Carpenter v. Ill. Cent. Gulf R.R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981) (rejecting argument that defendant's filing of answer in state court amounted to waiver of right to remove); *Groesbeck Invs., Inc. v. Smith*, 224 F. Supp. 2d 1144, 1150 (E.D. Mich. 2002) (filing a motion to dismiss in state court arguably constituted waiver of right to remove); *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, (M.D. Fla. 1993) (filing motions to dismiss and noticing hearing dates indicated intent to litigate and thereby resulted in waiver of right to remove); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (waiver only occurs when defendant takes action to dispose of matter on the merits in state court, not when defendants acts to preserve the *status quo*). Here, the Court finds that Defendant's act of filing a General Denial in state court does not demonstrate a clear intent by Defendant to litigate this action on the merits in the state court forum. The Court therefore rejects Plaintiff's argument that Defendant waived its right to removal.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (Doc. #5). Further, the Court **VACATES** the hearing on Plaintiff's Motion set for January 24, 2006.

**IT IS SO ORDERED.**

Dated: 1/17/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE